```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

SANDRA LEE BART,

    Petitioner,

v.                                  CIVIL ACTION NO. 1:19-00245

M. E. REHERMAN,
Warden, Alderson FPC,

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on April 8, 2020, in which she recommended that the court grant petitioner's request to withdraw her petition, (ECF No. 15); deny petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1); grant respondent's request for dismissal, (ECF No. 9); dismiss this action without prejudice, and remove this matter from the court's active docket. (ECF No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file

such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Objections to the Proposed Findings and Recommendation were due by April 27, 2020. Neither party filed any objections to the Magistrate Judge's Findings and Recommendation. Accordingly, the court adopts the Finding and Recommendation of Magistrate Judge Eifert as follows:

1. Petitioner's request to withdraw her petition, (ECF No. 15), is **GRANTED**;
2. Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), is **DENIED**;
3. Respondent's request for dismissal, (ECF No. 9), is **GRANTED**;
4. This action is **DISMISSED without prejudice**; and
5. The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and

that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 22nd day of June, 2020.

ENTER:

David A. Faber
Senior United States District Judge